UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3RD & BATTERY 2 LLC,

    Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. 2:19-cv-1903-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiff 3rd & Battery 2 LLC's motion for remand (Dkt. # 7 ("Mot.").) Defendant Hartford Casualty Insurance Company ("Hartford") opposes Plaintiff's motion. (Dkt. # 10 ("Opp'n").) Having considered the parties' submissions in support and in opposition to the motion, the remainder of the record, and the applicable law, the Court grants Plaintiff's motion for remand.

## II.    BACKGROUND

This case arises out of an insurance policy issued by Defendant Hartford to Defendant SSA Acoustics LLP ("SSA"). (*See* Dkt. # 1-2 (Am. Compl.).) In October 2018, fire damaged property owned by SSA. (*Id.* at ¶ 3.1.) SSA submitted claims for the damage to Hartford

ORDER - 1

pursuant to its insurance policy. (*Id.* at ¶ 3.2.) Hartford accepted coverage and adjusted the claims. (*Id.*) SSA subsequently assigned its claims for future payments to Plaintiff. (*Id.* at ¶ 3.3.) Plaintiff has incurred fees and expenses post assignment, which it asserts are covered under the insurance policy with Hartford. (*Id.* at ¶ 3.5.) Plaintiff asserts Hartford has denied the validity of the assignment from SSA to Plaintiff and refuses to issue payments. (*Id.* at ¶ 3.7.) Plaintiff initiated this matter in King County Superior Court seeking damages and declaratory relief. (*See* Am. Compl.)

Hartford removed this matter from King County Superior Court on November 22, 2019 based on diversity subject matter jurisdiction. (Dkt. # 1 ("Notice of Removal").) On December 4, 2019, Plaintiff moved to remand arguing complete diversity is lacking as both Plaintiff and SSA are Washington citizens. (*See* Mot.) In response, Hartford argues complete diversity exists because Plaintiff fraudulently joined SSA as a defendant, or, in the alternative, SSA's interests are aligned with Plaintiff's interests and therefore SSA should be considered a plaintiff for jurisdictional purposes. (Opp'n.) Defendant Hartford also noted that at the time of removal, Plaintiff had not yet served SSA. (Not. of Removal at 3.)

On January 27, 2020, the Court ordered Plaintiff to provide an update as to whether SSA had been served. (Dkt. # 13.) On January 29, 2020, Daniel Frohlich, attorney for SSA, accepted service of process on behalf of SSA and notified the Court that SSA does not consent to removal of this matter to federal court.[1] (Dkt. # 14.) Plaintiff also submitted a response to the Court's order advising SSA had been served. (Dkt. # 15.)

---

[1] Plaintiff also argued remand is warranted because Hartford removed the case without obtaining SSA's consent. (Mot. at 4.) This argument is now moot as SSA declined consent.

ORDER - 2

### III. DISCUSSION

#### A. Legal Standards

A court has subject matter jurisdiction over an action when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citing 28 U.S.C. § 1332(a)). Removal from state court to federal court is proper where the federal court would have original jurisdiction over the state court action. *Id.* at 679-80 (citing 28 U.S.C. § 1441(a)). However, courts strictly construe the removal statute against removal jurisdiction and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indent. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938)).

#### B. Complete Diversity

Plaintiff argues the Court lacks jurisdiction over this matter because Hartford has made an insufficient showing of complete diversity of citizenship. (Mot. at 5-8.) Diversity subject matter jurisdiction requires complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); 28 U.S.C. § 1332(a)(1). Complete diversity exists when the state citizenship of each plaintiff is different from the state citizenship of each defendant. *Id.* (citing 28 U.S.C. § 1332(a)). A corporation can be a citizen in two states: (1) its state of incorporation and (2) the state where its principal place of business, typically its headquarters, is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (concluding that a principal place of business is "normally" a corporation's headquarters).

Here, there is no dispute that both Plaintiff and SSA are citizens of Washington and that Hartford is incorporated in Indiana with its principal place of business in Connecticut. (Notice of Removal at ¶¶ 4, 5.) Rather, Defendant Hartford argues the citizenship of SSA should be disregarded because it has been fraudulently joined as a defendant or that SSA should be realigned as a plaintiff. (*Id.* at ¶¶ 5, 6.) The Court will address each argument in turn.

### 1. Fraudulent Joinder

Complete diversity is not required for removal based on diversity jurisdiction if the nondiverse defendant (here, SSA) has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a nondiverse defendant is deemed fraudulent … if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotation omitted). Removing defendants are "entitled to present [ ] facts showing the joinder to be fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336. 1339 (9th Cir. 1987). Removing defendants bear this "heavy burden" given "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (internal quotations omitted). Thus, "[f]raudulent joinder must be proven by clear and convincing evidence." *Id.* at 1043. The standard for finding fraudulent joinder is not the same as whether the plaintiff has stated a claim on which relief can be granted, but is more akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1). *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) "A federal court must find that a defendant was properly joined and remand the case to state court if there is a 'possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.* (citing *Hunter*, 582 F.3d at 1046 (emphasis in *Grancare*)).

Hartford argues Plaintiff fraudulently joined SSA to this action because the amended complaint merely states there could be a judicable controversy between Plaintiff and SSA if the Court agrees with Hartford in this action, without explaining the judicable controversy. (Resp. at 5.) Hartford's argument suggests Plaintiff has no real intention of prosecuting this action against SSA because they have similar interests. However, Plaintiff argues it has stated a facially valid claim against SSA because if the assignment between Plaintiff and SSA is invalid, Plaintiff is entitled to declaratory relief and/or breach of contract damages against SSA. (Mot. at 9.) Given Plaintiff's assertion, there is a possibility the state court could find Plaintiff's complaint asserts a cause of action against SSA. Accordingly, the Court finds Hartford's conclusory arguments fail to establish that Plaintiff has not stated a cause of action against SSA, especially given the presumption against finding fraudulent joinder.

2. *Realignment*

"[W]e are obliged to confront the question of jurisdiction whenever it is apparent that proper alignment of the parties might destroy complete diversity of citizenship. We must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (quoting *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1522–23 (9th Cir. 1987)). It "is hornbook law" that "all challenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured] against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004).

In this case, Hartford asks the Court to realign SSA as a plaintiff such that there is complete diversity. (Opp'n at 6-7.) Hartford argues that because Plaintiff wants the Court to find SSA's assignment of rights valid, there is no adversarial position between Plaintiff and SSA.

(Resp. at 7.) As discussed above, if the assignment between Plaintiff and SSA is deemed invalid, Plaintiff will seek declaratory relief and/or damages from SSA. Thus, although Plaintiff and SSA's interest might be similar, there is also a possibility they will become adversarial. Because of this possibility, realignment is not warranted.

Hartford has failed to show fraudulent joinder or the need for realignment. Accordingly, the Court considers SSA a defendant in evaluating diversity of citizenship. Because both Plaintiff and SSA are Washington citizens, complete diversity is lacking. As Hartford identifies no other basis for the Court's jurisdiction, the Court concludes it lacks subject matter jurisdiction over this matter and therefore grants Plaintiff's motion to remand.

### C. Request for Attorney's Fees

Plaintiff request an award of its fees associated with removal. (Mot. at 10.) The test for awarding attorney's fees is whether it was objectively reasonable for defendant to remove the case to federal court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Grancare*, 889 F.3d at 552, quoting *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008). Although removal is not appropriate in this case, it was also not objectively unreasonable for Defendant Hartford to argue it was. The Court therefore declines to award Plaintiff the requested fees.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand (dkt. # 7) is GRANTED. This case is remanded to the King County Superior Court of Washington State.

ORDER - 6

Dated this 10th day of February, 2020.

*/s/ Michelle L. Peterson*
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7